NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-498

BODHISATTVA SKANDHA

vs.

KENNETH LIZOTTE & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Bodhisattva Skandha, is currently incarcerated at the Massachusetts Correctional Institution at Norfolk (MCI-Norfolk).  He appeals from a judgment dismissing his complaint against the defendants:  Kenneth Lizotte, the prison superintendent; Tracy L. Westman, a corrections officer assigned as the grievance coordinator; and two unnamed "informal complaint coordinators."[2]  The complaint alleges the defendants (1) were deliberately indifferent to the plaintiff's request for heat in his cell, (2) fraudulently denied that his cell was too

_____

[1] Tracy L. Westman, Jane Doe, and John Doe.

[2] The defendants did not file a brief or otherwise participate in this appeal.

cold, and (3) conspired to fraudulently deny that his cell was too cold.  We affirm.

Background.  On September 25, 2024, the plaintiff notified the defendants that there had been no heat in his cell for ten days.  On September 27, 2024, the informal complaint coordinator for MCI-Norfolk indicated that heating season for the facility began on September 30.

On October 15, 2024, the plaintiff filed an "Inmate Grievance Form" (grievance) based on the inadequate heat including a request for "[d]eclaratory, [i]njunctive, [c]ompensatory, and (huge) punitive relief in Superior Court." In support of his grievance, the plaintiff noted that he has arthritis, is sedentary, and expressed that he is frequently cold -- causing him to shiver and have trouble sleeping at night.  The grievance coordinator denied the plaintiff's grievance.  The decision stated, "Please be advised that in accordance with the NOR 740 the heating season is considered approximately from October 15th to April 15th, as the average temperatures remain within the standard recommended heating temperature of 68 degrees between 7am and 11pm and 64 degrees between 11:01pm and 6:59am."  The plaintiff appealed the denial of his grievance.

On February 7, 2025, the superintendent denied the plaintiff's appeal and request for relief stating that he concurred with the grievance coordinator's reasoning for denying the grievance.

On March 24, 2025, the plaintiff filed this complaint in the Superior Court. On March 28, 2025, a Superior Court judge reviewed the complaint and dismissed it, concluding that it was "frivolous and without merit."[3] The plaintiff appealed.

Discussion. As best we can discern, the "Causes of Action" section of the complaint can be distilled to two claims. First, the plaintiff alleges that the defendants acted with deliberate indifference to his serious medical need by denying his request to turn on the heat in his cell in violation of art. 26 of the Massachusetts Declaration of Rights and the Eighth Amendment to the United States Constitution.

Second, the plaintiff alleges that the defendants individually committed fraud by denying his grievance and appeal. He also claims that the defendants conspired to fraudulently deny his requests for heat.

1. Standard of review. We review the dismissal of a civil complaint de novo. See Curtis v. Herb Chambers I-95, Inc., 458

_____

[3] The judge reviewed the complaint and dismissed it sua sponte. The defendants did not file a motion to dismiss.

3

Mass. 674, 676 (2011).  "For purposes of that review, we accept as true the facts alleged in the [plaintiff's] complaint[] and any exhibits attached thereto, drawing all reasonable inferences in the [plaintiff's] favor."  Revere v. Massachusetts Gaming Comm'n, 476 Mass. 591, 595 (2017).

Although a complaint need not include detailed factual allegations to survive dismissal, it must provide some grounds from which to conclude the plaintiff is entitled to relief.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  "[T]o raise a right to relief above the speculative level[,]" allegations in the complaint must amount to more than mere "labels and conclusions."  Id.

2.  Deliberate indifference claim.  To state a viable Eighth Amendment or art. 26 claim the plaintiff must allege facts plausibly suggesting that "(1) a prison's conditions of confinement present a substantial risk of serious harm; and (2) prison officials acted with deliberate indifference to inmate health or safety" (quotations omitted).  Torres v. Commissioner of Correction, 427 Mass. 611, 613-614 (1998).

"The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation" (quotations

4

and citations omitted).  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  "[W]hether prison conditions are sufficiently harmful to establish an Eighth Amendment violation[] is a purely legal determination for the court to make."  Torres, 427 Mass. at 614.

The complaint alleges that the lack of heat in the plaintiff's cell for ten days in September 2024 caused him to experience shivering, pain due to his arthritis, and trouble sleeping.  These allegations, if true, are insufficient to plausibly suggest that the defendants failed to meet "the minimal civilized measure of life's necessities" (citation omitted).  Wilson, 501 U.S. at 298.  Accordingly, the plaintiff failed to allege facts creating "a substantial risk of serious harm" and, therefore, has not established a viable Eighth Amendment or art. 26 claim.  Torres, 427 Mass. at 613-614.

Further, the plaintiff failed to allege facts that would demonstrate that the defendants acted with deliberate indifference.  "[T]he showing of deliberate indifference necessary to satisfy the subjective element of a claim of unconstitutional conditions of confinement involves a demonstration that prison officials had a culpable state of mind" (quotation and citation omitted).  Foster v. Commissioner of Correction, 488 Mass. 643, 652 (2021).  The required culpable state of mind must rise to the level of "conscious[] disregar[d]

5

[of] a substantial risk of serious harm" (citations omitted).
Id. at 653.

As noted, the complaint alleges that the plaintiff notified the defendants that the lack of heat in his cell for ten days in September of 2024 had caused him to experience shivering, pain due to his arthritis, and trouble sleeping. Because these allegations were insufficient to establish "a substantial risk of serious harm," they were also insufficient to establish that the defendants acted with a "conscious[] disregar[d] [of] a substantial risk of serious harm" (citation omitted). Foster, 488 Mass. at 652-653.

3. Fraud and conspiracy claims. The fraud claims are merely conclusory assertions, and therefore insufficient to state a claim. See Iannacchino, 451 Mass. at 633 (courts "do not accept legal conclusions cast in the form of factual allegations" [citation omitted]).

Finally, the conspiracy claims were properly dismissed. The plaintiff alleges a violation of 42 U.S.C. § 1985(3). This statute establishes a cause of action based on a conspiracy to interfere with civil rights. See 42 U.S.C. § 1985(3). But the plaintiff failed to allege any plausible violation of his civil rights. See, e.g., Gattineri v. Lynnfield, 58 F.4th 512, 516 (1st Cir. 2023) ("Without any viable § 1983 claims to anchor

6

Appellants' § 1985(3) conspiracy to violate their civil rights claim, . . . [there is] no need to delve into it").[4]

Judgment of dismissal
  affirmed.

By the Court (Rubin,
  Brennan & Wood, JJ.[5]),

*Paul Little*

Clerk

Entered:  January 30, 2026.

---

[4] To the extent that we do not discuss other arguments made by the plaintiff, they have not been overlooked.  "We find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[5] The panelists are listed in order of seniority.